Dana Lynn **ROSE**, Plaintiff—Appellant,

v.

Mark J. **LOOS**; Cary Bristol, Defendants—Appellees.

No. 03–35986.

D.C. No. CV–00–00688 -SEJL.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2005.*

Decided March 10, 2005.

Dana Lynn Rose, Boise, ID, pro se.

Brian K. Julian, Esq., Amy G. White, Anderson Julian & Hull, Boise, ID, for Defendants–Appellees.

Before FERNANDEZ, TASHIMA, and GOULD, Circuit Judges.

### MEMORANDUM **

Dana L. Rose ("Rose") appeals the district court's grant of summary judgment in favor of defendants, Sheriff's deputies Mark J. Loos and Cary Bristol (together, "defendants"), in his action pursuant to 42 U.S.C. § 1983. Rose alleges that defendants violated his Fourth Amendment rights when, following his arrest for driving without a valid driver's license, they

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

impounded his motor home and inventoried its contents pursuant to the impoundment policy of the Cassia County Sheriff's Department. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rose does not challenge the validity of his stop and subsequent arrest. Rather, Rose contends that, instead of impounding his motor home, defendants should have left the vehicle parked in the parking lot where Rose was arrested or in the care of the vehicle's other two occupants. We review de novo the district court's grant of summary judgment. *See Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004); *Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 922 (9th Cir.2004) (stating that the court must determine whether, viewing the evidence in the light most favorable to the non-moving party, there are any genuine issues of material fact).

The impoundment and subsequent inventory search of a vehicle are valid under the Fourth Amendment when conducted pursuant to standardized procedures administered in good faith and not for the sole purpose of investigation. *See Colorado v. Bertine,* 479 U.S. 367, 371–73, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987); *South Dakota v. Opperman,* 428 U.S. 364, 368–69, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); *United States v. Penn,* 233 F.3d 1111, 1117 (9th Cir.2000) (upholding validity of impoundment and inventory search of vehicle stopped for traffic violation, where driver could not show proof of insurance as required by state law). In *Bertine,* the Supreme Court rejected the argument that, "because [the defendant] could have been offered the opportunity to make other arrangements for the safekeeping of his property," the search was unreasonable. *Bertine,* 479 U.S. at 373, 107 S.Ct. 738. The Court explained that "reasonable police regulations relating to inventory procedures administered in good faith satisfy the Fourth Amendment, even though courts might as a matter of hindsight be able to devise equally reasonable rules requiring a different procedure." *Id.* at 374, 107 S.Ct. 738. Similarly, we concluded in *Penn* that officers "ha[ve] no Fourth Amendment obligation to offer the driver an opportunity to avoid impoundment." *Penn,* 233 F.3d at 1116.

Here, Rose does not dispute that his vehicle was impounded and its contents inventoried pursuant to the standardized policy of the Cassia County Sheriffs Department. Rose has presented no evidence that defendants acted in bad faith or for the sole purpose of investigation. The impoundment and search therefore were reasonable under the Fourth Amendment. *See Bertine,* 479 U.S. at 371–73, 107 S.Ct. 738. Further, even if we assume that impoundment was unnecessary because the other two occupants of the motor home legally were able to drive the vehicle away, like the officers in *Penn,* defendants here had "no Fourth Amendment obligation to offer the driver an opportunity to avoid impoundment." *Penn,* 233 F.3d at 1116. Because defendants' actions did not deprive Rose of his Fourth Amendment rights, we conclude that the district court did not err in granting summary judgment in favor of defendants. *See Azer v. Connell,* 306 F.3d 930, 935 (9th Cir.2002) (stating that, to establish a prima facie case under 42 U.S.C. § 1983, the plaintiff must show, *inter alia,* that he was deprived of a constitutional right).

The judgment of the district court is therefore

AFFIRMED.